SECRETARY OF STATE *v.* POTTER.

1. Licenses—Malt Tax—Wort.
   Product known as liquid malt extract is wort within meaning of Act No. 304, Pub. Acts 1929, imposing tax thereon.

2. Same—Computation of Tax.
   Tax on malt extract or malt syrup, imposed by Act No. 304, Pub. Acts 1929, should be computed on gross weight without deducting liquid ingredients of products.

Appeal from Wayne; Keidan (Harry B.), J. Submitted October 17, 1930. (Docket No. 96, Calendar No. 35,262.) Decided December 2, 1930.

Bill by John S. Haggerty, secretary of State, against Samuel A. Potter under declaratory judgment act, to secure construction of Act No. 304, Pub. Acts 1929, imposing tax on malt products. From decree rendered, plaintiff appeals. Affirmed.

*Wilber M. Brucker,* Attorney General, and *Charles Rubiner,* Assistant Attorney General, for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant.

McDonald, J. This bill was filed under the declaratory judgment act (Act No. 36, Pub. Acts 1929) of this State to secure a construction of the provisions of Act No. 304, Pub. Acts 1929, which imposes a privilege tax on malt extract or malt syrup or wort. The act reads as follows:

"Section 1. Every person or persons, firm, association or corporation engaged in the business of

selling or manufacturing malt syrup or malt extract or wort for other than medicinal or commercial baking purposes in this State, shall pay to the State a privilege tax in addition to all other taxes, in the following amounts on all malt syrup or malt extract or wort sold, given away, exchanged or bartered:

"(a)  On all wort, 25 cents per gallon;

"(b)  On all containers of malt syrup or malt extract, five cents per pound."

The secretary of State, whose duty it is to enforce the provisions of this act, has collected a tax on malt syrup and malt extract but has not collected any tax on wort because, as he says, no such product is manufactured, sold, or distributed in this State. In measuring the tax on malt syrup and malt extract, he contends it was the intention of the legislature that it should be imposed on the weight of these products after their liquid ingredients have been deducted. Accordingly, it has been his practice first to determine the amount of liquid in a given quantity of malt syrup or malt extract, deduct it from the entire weight, and tax the remainder at five cents per pound. The defendant contends that this is not a correct method of computing the tax, that these products were intended to be taxed on their entire weight, including the liquid ingredients. The defendant also contends that the plaintiff is wrong in his claim that there is no such product as wort on the market. He says that wort is a well-known product and is being manufactured and sold in large quantities in this State and that the plaintiff has been mistakenly taxing wort as malt extract.

These claims present the issues which we are to determine. They are:

1.  What is wort in the sense that it is used in the statute?

2. What is malt extract or malt syrup?

3. What is the proper method of computing the tax on malt extract or malt syrup?

The record is made up largely by the testimony of experts, the brewmasters and chemists. To discuss the issues intelligently, it is necessary that brief reference be made to the process of manufacturing malt products. Omitting technical names, it may be stated briefly as follows:

A quantity of barley or a mixture of barley with other cereals, such as corn and rice, is run from a hopper into a large boiler partially filled with steam and containing a stirring device. There the mashing process converts the starch of the grain into liquid sugar. It is then pumped through a series of pipes into a brew kettle where hops are added and the contents boiled. When the boiling process is finished, the mixture is carried to a hop jack where the hops are allowed to settle and the liquid is drained into an evaporator. If retained in the evaporator and boiled, it becomes condensed and is called malt syrup or malt extract. If the condensing process is not used, the liquid is drained into five-gallon cans and sold as liquid malt extract. The question is, What is this liquid which the manufacturers label liquid malt extract? Is it wort? The answer depends upon which theory of the expert witnesses is adopted.

The brewmasters testified that wort is the name applied to the liquid produced by the mashing process in the boiler, that when it reaches the brew kettle and is boiled with hops it loses its identity as wort and becomes liquid malt extract, that wort will not keep and therefore cannot be sold.

The defendant's experts testified that wort is malt extract in solution, that all liquid malt extract

is wort and should be taxed as such, that the only difference between wort and malt extract or malt syrup is that the latter has been reduced to a more concentrated form by boiling and evaporation.

The State's experts agree with the defendant that the liquid malt extract commercially marketed under that name is wort, but they distinguish between wort, which is the result of brewing barley alone, and wort brewed from barley combined with other cereals. They say the latter is pure wort, that the former is also wort but ought more properly to be designated liquid malt extract and taxed as malt extract.

We are inclined to accept the definitions of wort and malt extract as formulated by the experts for the State and for the defendant because they are in accord with the definitions as given by the dictionaries and the text-writers who have expert knowledge of the brewing of beer and other malt products. It is our conclusion that the product known as liquid malt extract is wort and is subject to the tax of 25 cents a gallon.

In view of the fact that the legislature taxed wort on gallon measurements and malt extract or malt syrup on a poundage basis, it would seem that they had in mind the distinction between these products, and that they followed the dictionary meaning of the terms used. The intent of the legislature is obvious, and what they did not intend is equally obvious. They did not intend to impose a tax on a product which was not being manufactured or sold in Michigan. They intended to tax wort, and wort is commercially marketed under the label of liquid malt extract. By the addition of yeast, wort becomes real beer. It is said that the purpose of the statute was to discourage by high taxation the

brewing of beer in violation of the prohibition law. The purpose would fail in its accomplishment if we adopted the theory of the State's experts that in taxing wort a distinction ought to be made between wort brewed from barley alone and wort brewed from a combination of barley with other cereals. It is about as easy to make real beer from one as from the other. Both are wort and should be taxed on the same basis. In this connection it will be observed that the statute makes no provision for the taxation of liquid malt extract. It merely divides the taxable products into wort, malted syrup or malted extract.

Another question requires discussion. How should the tax on malt extract or malt syrup be computed?

It is the plaintiff's theory that the liquid ingredient of these products should be determined and deducted from the gross weight and the tax imposed on the remainder. It is said that this is the only reasonable method. We are not concerned with the reasonableness of this statute. That was decided by the legislature. The language of the act is plain and unambiguous. It provides:

"On all containers of malt syrup or malt extract, five cents per pound."

If the legislature had intended that, before weighing the containers, the liquid ingredient should first be deducted, it would undoubtedly have said so. We cannot adopt the plaintiff's method without reading into the statute a provision which is inconsistent with its clear and explicit meaning.

For the guidance of the plaintiff in enforcing the provisions of this statute, we state the following conclusions:

1. Wort, as that term is used in the statute, is malt extract or malt syrup in solution. It is the liquid product from the brewing of barley alone or barley in combination with other cereals.

2. The product known as liquid malt extract labeled and sold as such is wort and is taxable at 25 cents a gallon.

3. The product known as malt syrup or malt extract is liquid malt extract or wort condensed by boiling and evaporation into a concentrated form.

4. The method of computing the poundage tax on malt syrup or malt extract is by weighing the entire contents of the containers and making no deductions for liquid ingredients.

The decree of the circuit court correctly construes the provisions of the act in question and is hereby in all respects confirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.